**Ray A. JACKSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 06–96–00001–CR.

Court of Appeals of Texas, Texarkana.

Submitted July 25, 1996.

Decided July 25, 1996.

Craig L. Henry, Texarkana, for Appellant.

Alwin A. Smith, Assistant District Attorney, Texarkana, for Appellee.

Before CORNELIUS, C.J., and GRANT and STARR, JJ.

## OPINION

STARR, Justice.

Appellant was convicted of attempted murder. Trial was to a jury on a not guilty plea. The jury set punishment at confinement for forty years and a fine of $2,500.00.

Appellant contends the trial court committed error in refusing to give a limiting instruction relating to an extraneous offense. The instruction was requested at the time the evidence was received.

Toby Hawkins testified that on May 31, 1994, he drove up to the Griff King Courts in Texarkana, Bowie County, Texas, and observed Ray Jackson, appellant, arguing with another person. There were several people in the yard. Hawkins asked "the dude" to stop arguing in front of the house because of the presence of children. Hawkins turned to walk in the house and heard shots. One shot hit Hawkins in the back, and he fell to the ground. The next thing he knew he woke up in the hospital with very serious personal

injuries. Ola and Marvance Larry both testified as eyewitnesses to the shooting of Toby Hawkins by appellant.

During opening statement, appellant's counsel told the jury that the people at the place of the occurrence "have extensive criminal histories" and that they were gathered there at the place "drinking alcohol, doing drugs."

Ola Larry testified that when she first drove up to her place there was a yard full of people. She knew that something illegal was going on, for which she could be evicted. There were ten or twelve people in the yard. She testified that she saw a transaction between two boys. She alluded to a white substance, "crack." She stated that one of the boys was appellant. Appellant's counsel made objection to this testimony on the ground that notice was not given as required by the rules when using an extraneous offense or prior bad act. The objection was overruled. Appellant's counsel moved for mistrial. Later, a second mention of the transfer brought a reiteration of objection, which was again overruled. A limiting instruction was requested and motion for mistrial repeated. No objection was made to the court's charge for failure to include a limiting instruction on extraneous offenses.

In responding to the original objection, the prosecutor told the judge that the evidence was "res gestae." The State contends that the evidence should be characterized as same transaction contextual evidence and not extraneous offense evidence.

A distinction has been made in the cases between contextual "background" evidence (once called "res gestae" of the offense) and contextual "same transaction" evidence. *Mayes v. State,* 816 S.W.2d 79 (Tex.Crim. App.1991). The *Mayes* case holds that character evidence offered on the rationale that it is "background" evidence helpful to a jury, but apparently in conflict with the proscription of Rule 404(b), Texas Rules of Criminal Evidence, is not admissible as one of the alternative purposes for which such evidence may be introduced under Rule 404(b).

■ On the other hand, contextual "same transaction" evidence is an exception under Rule 404(b), where such evidence is necessary to the jury's understanding of the instant offense. *Rogers v. State,* 853 S.W.2d 29 (Tex.Crim.App.1993). Only if the facts and circumstances of the instant offense would make little or no sense without also bringing in the same transaction contextual evidence should it be admitted. *Id.* Such evidence is admissible not for the purpose of showing character conformity, but to illuminate the nature of the crime alleged. *Camacho v. State,* 864 S.W.2d 524 (Tex.Crim.App.1993). It imparts to the trier of fact information essential to understanding the context and circumstances of events which, although legally separate offenses, are blended or interwoven. *Camacho,* 864 S.W.2d at 532.

■ In the instant case it could scarcely be contended that testimony concerning the drug activity in the front yard was not necessary to an understanding of the shooting. Appellant's opening statement suggests that such activity was what the case "boils down" to. The trial court apparently believed that it was contextual same transaction evidence. *See Montgomery v. State,* 810 S.W.2d 372, 386 (Tex.Crim.App.1991) (opinion on reh'g). Deference should be given to the trial court's decision in the absence of an abuse of discretion. Appellant's point of error in this court does not complain of the admission of the testimony, but in the refusal to give a limiting instruction. The State contends that a limiting instruction is not required.

■ In general, a limiting instruction is considered essential where extraneous offense evidence is received. *Abdnor v. State,* 871 S.W.2d 726 (Tex.Crim.App.1994). However, is such an instruction required when requested in connection with the receipt of contextual same transaction evidence? In his concurring opinion in *Rogers, supra,* Judge Clinton recognized "necessity" as one of the "other purposes" under Rule 404(b). He maintained that a limiting instruction should always be given upon request where evidence is admitted out of "necessity." He stated:

> [B]ecause the evidence is only admitted out of "necessity," and does not genuinely serve a "purpose" other than character

conformity, a limiting instruction should always be given upon request of the opponent of such evidence.

The very reason for the exception rendering contextual "same transaction" evidence admissible would seem to suggest the inefficacy of a limiting instruction. If the events are so intertwined and interwoven that they cannot rationally be sorted out, it does not make sense to ask the jury to sort them out by employing a limiting instruction. If a coherent picture of the charged offense requires the contextual "same transaction" evidence, the use of a limiting instruction by the jury deprives the picture of its coherency. In our opinion, the Texas Court of Criminal Appeals has concluded that a limiting instruction is not required where contextual "same transaction" evidence is received. In *Camacho, supra,* the court stated:

> The proof of the kidnapping and of the subsequent murders of two persons found in the house which appellant entered is same transaction contextual evidence. It was admissible as such and was not subject to the requirement of a limiting instruction.

Consequently, we hold that the trial court did not commit error in refusing to give a limiting instruction on contextual "same transaction" evidence concerning drug activities going on in the front yard where and when the shooting occurred. Such evidence was intertwined and interwoven with the crime for which appellant was convicted and was necessary for a coherent picture of the offense to be portrayed to the jury. *Id.*

■ In three additional points of error, appellant contends that egregious harm resulted notwithstanding favorable rulings and curative instructions by the trial court. We have conducted an examination and review of all of the evidence, at both the guilt/innocence phase and punishment phase, in accordance with the appropriate standard of review set forth in *Harris v. State,* 790 S.W.2d 568, 587–88 (Tex.Crim.App.1989). We considered the source, nature, extent of emphasis and collateral implication of the improper statements, as well as their probable collateral effects. *Orona v. State,* 791 S.W.2d 125, 130 (Tex.Crim.App.1990). We are persuaded

beyond a reasonable doubt that the statements did not contribute to either conviction or punishment. *Coble v. State,* 871 S.W.2d 192 (Tex.Crim.App.1993). We will discuss the points briefly, as follows:

## SIDE BAR COMMENTARY

The following occurred during the cross-examination of Ola Larry by appellant's counsel:

BY MR. HENRY:

Q Mrs. Larry, I don't mean to rush you but let me ask it to you this way and it may make things go quicker. Is that your signature at the lower right-hand corner?

A Uh-huh.

MR. SMITH: Judge, I'm sorry, but if Mrs. Larry wants to read that and make sure that Mr. Henry hasn't doctored it up or changed it, she's entitled to do that.

MR. HENRY: Your Honor, I would object to any characterization that I would doctor any statement. I think that's an improper comment.

THE COURT: Alright (sic), folks, I'm going to permit the witness to read the statement and instruct the jury that they will not consider for any purpose any descriptive acts on the part of either counsel that are not in evidence.

BY THE WITNESS:

A It looks pretty much like my statement, the same thing over here.

Appellant did not make any objection to the court's ruling or instruction to the jury. Also, appellant did not move for mistrial at this point.

■ While the prosecution did not directly accuse defense counsel of "doctoring" a document, the implication of such possibility was clearly an improper comment. The State may not strike at a defendant over the shoulders of his counsel or accuse defense counsel of bad faith and insincerity. *See Bell v. State,* 614 S.W.2d 122 (Tex.Crim.App. [Panel Op.] 1981); *Jones v. State,* 151 Tex.Crim. 115, 205 S.W.2d 590 (1947). The trial court correctly sustained the objection and instructed the jury not to consider it.

■ Where an objection to improper commentary by counsel is sustained, and the jury is instructed to disregard, we must consider whether the commentary is extreme or manifestly improper, is violative of a mandatory statute, or injects new facts, harmful to the accused, into the trial proceedings. *Bell v. State,* 724 S.W.2d 780 (Tex.Crim.App.1986); *Brandley v. State,* 691 S.W.2d 699 (Tex.Crim. App.1985). The comment did not contribute to either the conviction or the punishment assessed. It was not violative of any statute and did not inject any new fact into the proceeding.

In the instant case we do not find egregious harm. We are of the opinion that the trial court's instruction was sufficient to cure the improper side bar commentary. There was no accusation of actual deceit by appellant's trial counsel. There was merely an implication of such a possibility. The witness quickly verified the authenticity of her statement. Given the record as a whole and given the timely instruction to disregard, the comment was not of the tenor to require reversal. *Brandley,* 691 S.W.2d 699.

## IMPROPER ARGUMENT

■ In final argument, appellant's counsel referred to the jury charge instruction on reasonable doubt, saying:

> I think the key to understanding reasonable doubt is the word "hesitate." If you hesitate to any degree, even the slightest degree, . . .

In response the prosecutor said:

> Folks, y'all go back there and y'all read this charge over again and if y'all can find somewhere where it says slightest hesitation, you let this man go. It's not in here. See, Mr. Henry's just lied to you.
>
> MR. HENRY: Your Honor, I would object. That's an improper comment and would ask the jury . . .
>
> THE COURT: Sustained. The jury will not consider that comment at all.

Appellant did not make any further objection to the ruling or instruction and did not move for mistrial.

■ Permissible jury argument falls within one or more of the following four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Bell,* 724 S.W.2d 780; *Alejandro v. State,* 493 S.W.2d 230 (Tex.Crim.App.1973). If we determine that jury argument was improper, we must further determine whether the error was harmless. The test is not whether a conviction would have resulted without the improper argument; rather, it is whether there is a reasonable possibility that the argument might have contributed to either the conviction or to the punishment assessed. *Clarke v. State,* 785 S.W.2d 860 (Tex.App.—Fort Worth 1990), *aff'd,* 811 S.W.2d 99 (Tex.Crim.App.1991).

■ The prosecutor's argument would undoubtedly have been permissible as an answer to argument of opposing counsel if he had not used the word "lied." For the reasons stated in the discussion addressing the preceding point, we feel the argument was improper as impugning opposing counsel. However, in view of the trial judge's immediate rulings sustaining the objection and instructing the jury not to consider, we do not believe that harm resulted. It would have been clear to the jury that State's counsel was merely responding to the argument of opposing counsel about the wording of the court's charge. The record as a whole does not give credence to any reasonable possibility that the argument was intended to apply to the evidence or that it might have contributed to either the conviction or the punishment assessed.

## VICTIM'S MENTION OF HIS PAROLE

■ At the time of trial the victim, Toby Hawkins, was in custody. He had been convicted of a felony and was serving a felony sentence. In a nonresponsive answer to the prosecutor's question about his conviction, the victim testified that he was serving a twenty-year sentence and would "have to serve a sentence of eighteen months to come before parole." The trial court sustained and instructed the witness to listen to the question and answer the question. Appellant complained that the court's instruction to disregard would not cure the error and

moved for mistrial, which was denied. A similar incident occurred again later in the trial. Appellant objected again. The objection was sustained. The jury was instructed to disregard. And, appellant's motion for mistrial was overruled. Both of these incidents occurred during the guilt/innocence stage of the trial.

During the punishment phase of the trial, it was developed by indictment, opening statement, and evidence that appellant had a felony conviction and had received parole. The subject of parole was not mentioned during final arguments on punishment. In the jury charge on punishment, the statutory instruction on parole was given to the jury, including:

> Under the law applicable in this case, if the Defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-fourth of the sentence imposed or 15 years, whichever is less. Eligibility for parole does not guarantee that parole will be granted.

The jury was further told that they may consider the existence of the parole law but not the manner in which the parole law may be applied to the particular defendant in the case.

Appellant contends that in mentioning his own anticipated parole the witness could have influenced the jury in consideration of guilt. No case has been cited in support of this contention, and we have found none. The trial court sustained objection and instructed the jury not to consider. We fail to see how the mention by the prosecution's witness of his own criminal record and possible parole would have weighed against the appellant at the guilt/innocence stage. If anything, the diminished credibility of the prosecution witness' testimony would have benefited appellant. In any event, the trial court's ruling and instruction cured any possible detrimental effect.

During the punishment stage of the trial, the subject of parole was thoroughly covered in the court's jury charge. The correct statutory instruction was given, and no objection was made to the charge. The jury was expressly instructed not to consider how the parole law would be applied to appellant. Consequently, we are of the opinion that no egregious harm resulted to appellant. This point of error is overruled.

Judgment affirmed.