TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00731-CR







Henry Lee Johns, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0994230, HONORABLE TOM BLACKWELL, JUDGE PRESIDING







A jury found appellant Henry Lee Johns guilty of aggravated assault and unlawful
possession of a firearm by a felon. See Tex. Penal Code Ann. §§ 22.02, 46.04 (West 1994). The
district court assessed punishment for these offenses, enhanced by previous felony convictions,
at imprisonment for twenty-five years. In his sole point of error, appellant contends the court
erroneously admitted evidence of an extraneous offense. We will overrule this contention and
affirm.

On the night of December 5, 1998, appellant called Theodore Moore and told him
he had the money he owed him. The next morning, Moore went to appellant's residence to collect
the money. Frank Kincheon, another resident of the house, was sitting on the front porch when
Moore arrived. Kincheon told Moore appellant was still asleep, so Moore joined Kincheon on
the porch and waited. Around 1:00 p.m., Moore entered the house and went to the bedroom
occupied by appellant and his wife. They were in bed, but not asleep. Appellant told Moore he
had "messed up" and no longer had the money. Moore became angry, grabbed appellant by the
ankles, and pulled him off the bed. The men fought briefly, then Moore returned to the front
porch. Moore and Kincheon, joined on occasion by friends and acquaintances from the
neighborhood, spent the rest of the day on the porch drinking beer.

About sundown, appellant came to the front screen door and spoke to Moore, who
was still on the porch. The men argued, and Moore threatened to "kick [appellant's] ass." 
Moore opened the screen door and stepped inside the house. As he did so, appellant shot Moore
in the chest and groin with a .38 caliber pistol. Moore ran from the house, followed by appellant. 
Appellant aimed and shot at Moore a third time, but missed him. A witness testified that appellant
got the pistol from a drug dealer the night before and hid it in his closet. Moore was not armed.

Appellant did not testify, but made a statement to the police. In his statement,
appellant claimed that Moore "beat him up" after pulling him from the bed and continued to
threaten him from the front porch. According to appellant, Moore asked a friend to get a shotgun. 
Appellant said that he warned Moore not to reenter the house, and then told him to leave or he
would shoot him. Appellant said he shot Moore when Moore started to open his jacket. The
court's jury charge included an instruction on self-defense.

Appellant's point of error concerns the testimony of Ray Ward, one of the persons
gathered on the front porch on the day of the shooting. About two hours before the shooting,
Ward entered the house to use the bathroom. On the way, he walked through appellant's bedroom
and saw a woman named Joanne holding a crack pipe. Ward smelled the distinctive odor of
burned crack cocaine. Ward noticed that appellant was perspiring heavily, which he said was
typical of crack smokers. Appellant urges that this testimony was inadmissible for two reasons: 
it was relevant only to prove his bad character and the State did not give the requisite notice. See
Tex. R. Evid. 404(b).

Evidence of other crimes or acts by the accused is not admissible to prove his bad
character, but may be admissible for other purposes provided that the State, upon request, gives
reasonable notice of its intent to introduce such evidence. See id. By its terms, the rule 404(b)
notice requirement applies only when the accused makes a timely request for notice. Such a
request should be in writing and served on the State. See Espinosa v. State, 853 S.W.2d 36, 38
(Tex. Crim. App. 1993). We find nothing in the record to indicate that appellant requested notice
pursuant to rule 404(b), and he does not claim that he did. Absent a request, the State was not
obligated to give notice that it intended to offer extraneous misconduct evidence at the guilt stage
of trial.

The district court ruled that Ward's testimony was admissible as res gestae, or same
transaction contextual evidence. See Mayes v. State, 816 S.W.2d 79, 86-87 (Tex. Crim. App.
1991). Evidence of another crime or act of misconduct by the accused is admissible under this
theory if the other act is so interwoven with the charged offense as to make its proof necessary
to a full understanding of the charged offense. See Rogers v. State, 853 S.W.2d 29, 33 (Tex.
Crim. App. 1993). (1) We review the trial court's decision to admit evidence of other misconduct
by the accused for an abuse of discretion. See Montgomery v. State, 810 S.W.2d 372, 390-91
(Tex. Crim. App. 1991) (op. on reh'g).

Moore was shown to have a record of convictions for drug offenses. Although
Moore denied it, Kincheon testified that the argument between Moore and appellant was "a fight
over drug money." Kincheon also testified that Moore was intoxicated at the time of the shooting. 
Under the circumstances, the district court was within the zone of reasonable disagreement when
it determined that appellant's drug use two hours before the shooting was same transaction
contextual evidence. See id.; see also Camacho v. State, 864 S.W.2d 524, 532 (Tex. Crim. App.
1993) (in capital murder prosecution, defendant's commission of other murders four days later
part of same transaction context); Jackson v. State, 927 S.W.2d 740, 742 (Tex. App.--Texarkana
1996, no pet.) (shooting followed argument among group of people; evidence defendant sold
drugs to person in crowd part of context of offense). Appellant's use of crack cocaine was as
much a part of the context of the offense as Moore's alcohol intoxication, or the fight the two men
had that morning. No abuse of discretion is shown.

The point of error is overruled and the judgment of conviction is affirmed.



 

 J. Woodfin Jones, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: July 13, 2000

Do Not Publish
1. Same transaction contextual evidence is exempt from the rule 404(b) notice requirement. 
See Hodge v. State, 940 S.W.2d 316, 319 (Tex. App.--Eastland 1997, pet. ref'd).



nside the house. As he did so, appellant shot Moore
in the chest and groin with a .38 caliber pistol. Moore ran from the house, followed by appellant. 
Appellant aimed and shot at Moore a third time, but missed him. A witness testified that appellant
got the pistol from a drug dealer the night before and hid it in his closet. Moore was not armed.

Appellant did not testify, but made a statement to the police. In his statement,
appellant claimed that Moore "beat him up" after pulling him from the bed and continued to
threaten him from the front porch. According to appellant, Moore asked a friend to get a shotgun. 
Appellant said that he warned Moore not to reenter the house, and then told him to leave or he
would shoot him. Appellant said he shot Moore when Moore started to open his jacket. The
court's jury charge included an instruction on self-defense.

Appellant's point of error concerns the testimony of Ray Ward, one of the persons
gathered on the front porch on the day of the shooting. About two hours before the shooting,
Ward entered the house to use the bathroom. On the way, he walked through appellant's bedroom
and saw a woman named Joanne holding a crack pipe. Ward smelled the distinctive odor of
burned crack cocaine. Ward noticed that appellant was perspiring heavily, which he said was
typical of crack smokers. Appellant urges that this testimony was inadmissible for two reasons: 
it was relevant only to prove his bad character and the State did not give the requisite notice. See
Tex. R. Evid. 404(b).

Evidence of other crimes or acts by the accused is not admissible to prove his bad
character, but may be admissible for other purposes provided that the State, upon request, gives
reasonable notice of its intent to introduce such evidence. See id. By its terms, the rule 404(b)
notice requirement applies only when the accused makes a timely request for notice. Such a
request should be in writing and served on the State. See Espino