COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-158-CR
 
 
VERNON 
EUGENE MOORE                                                      APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 213TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
INTRODUCTION
        Vernon 
Eugene Moore appeals his conviction for felony assault causing bodily injury to 
a family member. In his sole point on appeal, he asserts that the trial court 
erred by failing to sua sponte instruct the jury at the punishment phase 
of the trial that they could consider only extraneous offenses proven beyond a 
reasonable doubt.  We affirm.
FACTUAL AND PROCEDURAL BACKGROUND
        Appellant 
was indicted for assault causing bodily injury to his wife.  In the 
indictment, the State asserted that Appellant had a prior conviction for assault 
causing bodily injury to a family member, and, in the habitual offender notice, 
that Appellant had been convicted for burglary of a habitation and assault 
causing bodily injury to a child.  During the guilt/innocence phase of the 
trial, Appellant testified on direct examination that on the day and night he 
assaulted his wife, he had been drinking, driving drunk, and taking 
methamphetamine and marijuana.  He also testified on direct examination 
that he had pleaded guilty and been convicted twice for escape, three times for 
theft over $20,000, twice for injury to a child, twice for assault, twice for 
failure to identify himself to a police officer, and once for burglary of a 
habitation.  Further, on cross-examination, he testified that he had 
previously been convicted of assault causing bodily injury to a family member.
        During 
the punishment phase of the trial, the State admitted into evidence three 
penitentiary packets. State’s exhibit 6 is a pen packet for a 2001 conviction 
for burglary of a habitation. State’s exhibit 7 is a pen packet for two 
separate 1990 convictions for intentionally and knowingly causing bodily injury 
to a child. These two exhibits were admitted to prove the allegations in the 
habitual offender notice in the indictment. State’s exhibit 8 established that 
Appellant had three prior convictions for theft of property over $20,000. 
Appellant’s attorney did not object to the admission of the pen packets. In 
the court’s charge to the jury on punishment, the trial court instructed the 
jury that it could take into consideration all of the evidence admitted in the 
full trial. The trial court further instructed the jury of its choices 
concerning the range of punishment depending on whether the jury found beyond a 
reasonable doubt that Appellant had committed the offenses set out in the 
habitual offender notice: if it found beyond a reasonable doubt that Appellant 
was the same person who was convicted of the offenses set out in the habitual 
offender notice, the range of punishment would be twenty-five to ninety-nine 
years, but if it did not, the range of punishment would be two to ten years.
        Appellant 
does not complain about his assault conviction but instead attacks his 
thirty-five year sentence. In his sole point on appeal, Appellant asserts that 
article 37.07, section 3(a) of the code of criminal procedure requires the trial 
court to instruct the jury that the State has the burden to prove extraneous 
offenses beyond a reasonable doubt before those extraneous offenses can be 
considered as evidence at punishment, and that the trial court erred by failing 
to so instruct the jury at the punishment phase of his trial.
EXTRANEOUS OFFENSE EVIDENCE
Prior Criminal Record
        Article 
37.03, section 3 provides,
  
Regardless of the plea and whether the punishment be assessed by the judge or 
the jury, evidence may be offered by the state and the defendant as to any 
matter the court deems relevant to sentencing, including but not limited to the 
prior criminal record of the defendant, his general reputation, his 
character, an opinion regarding his character, the circumstances of the offense 
for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules 
of Evidence, any other evidence of an extraneous crime or bad act that is 
shown beyond a reasonable doubt by evidence to have been committed by the 
defendant or for which he could be held criminally responsible, regardless 
of whether he has previously been charged with or finally convicted of the crime 
or act.
  
 
Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp. 2004-05) 
(emphasis added).
        The 
Texas Court of Criminal Appeals recently addressed whether a 
beyond-a-reasonable-doubt instruction is required for prior convictions 
introduced at punishment.  In Bluitt v. State, the court held that 
the trial court need not give a beyond-a-reasonable-doubt instruction concerning 
extraneous offenses when those offenses resulted in either a final conviction, 
probation, or deferred adjudication. 137 S.W.3d 51, 54 (Tex. Crim. App. 2004).  
The court of criminal appeals stated,
  
While the prior convictions must be properly proved, to require that prior 
convictions be re-proved beyond a reasonable doubt would be an absurd result, as 
the very fact of conviction is evidence that the burden of proving guilt beyond 
a reasonable doubt has already been met in a prior proceeding.  The 
critical issue is that testing of the proof.  If an offense has been 
subject to such scrutiny and the burden of proof has been met, regardless of 
whether the judicial proceeding concluded with a final conviction, it is part of 
a defendant's criminal record, and Art. 37.03, § 3, does not require further 
proof of guilt beyond a reasonable doubt.
  
Id.
        Therefore, 
the trial court was not required to instruct the jury that it must find beyond a 
reasonable doubt that Appellant was convicted of the numerous offenses to which 
he testified or the State proved had resulted in final convictions.
        We 
now turn to the extraneous offenses of drunk driving and drug use on the day 
Appellant assaulted his wife.[1]  The State 
contends that evidence of these extraneous offenses is admissible as same 
transaction contextual evidence and therefore a beyond-a-reasonable-doubt 
instruction is not required for these acts. In consideration of this argument, 
it is helpful to provide some background regarding the development of same 
transaction contextual evidence.
Texas Rule of Evidence 404(b)
and
Same Transaction Contextual Evidence
        Rule 
404(b) provides,
  
Evidence of other crimes, wrongs or acts is not admissible to prove the 
character of a person in order to show action in conformity therewith. It may, 
however, be admissible for other purposes, such as proof of motive, opportunity, 
intent, preparation, plan, knowledge, identity, or absence of mistake or 
accident, provided that upon timely request by the accused in a criminal case 
reasonable notice is given in advance of trial of intent to introduce in the 
State's case-in-chief such evidence other than that arising in the same 
transaction.
 
 
Tex. R. Evid. 404(b) (emphasis added).
        The 
doctrine of admissibility of same transaction contextual evidence arose from 
what has been termed as evidence of the “res gestae” of an offense. It has 
long been established that extraneous offense evidence is admissible
   
[t]o show the context in which the criminal act occurred—what has been termed 
the ‘res gestae’—under the reasoning that events do not occur in a vacuum 
and that the jury has a right to hear what occurred immediately prior to and 
subsequent to the commission of that act so that they may realistically evaluate 
the evidence.
  
Albrecht 
v. State, 486 S.W.2d 97, 100 (Tex. Crim. App. 1972).  In Mayes v. 
State, the Texas Court of Criminal Appeals noted that “[b]ackground 
evidence, once called ‘res gestae’ of the offense, has also come to refer to 
other offenses indivisibly connected with the offense charged, and not only 
general background evidence which is helpful to the jury’s understanding.”  
816 S.W.2d 79, 86 (Tex. Crim. App. 1991).  The court further recognized 
that the broadening of the term res gestae led to confusion as to what exactly 
constitutes res gestae evidence. See id. (“Furthermore, the absence of 
jurisprudence on the infrequently litigated subject of background evidence has 
also created an analytical void, confusing the distinction between other 
offenses connected with a primary offense, and general background evidence.”).  
Therefore, the court took the opportunity to distinguish between background 
evidence and evidence of “other offenses connected with a primary offense,” 
which the court referred to as “same transaction” contextual evidence.  
Id. at 86.
        Same 
transaction contextual evidence is admissible as an exception under Rule 404(b) 
where such evidence is necessary to the jury’s understanding of the 
instant offense.  Rogers v. State, 853 S.W.2d 29, 33 (Tex. Crim. 
App. 1993).  The court of criminal appeals has stated,
  
Same transaction contextual evidence is deemed admissible as a so-called 
exception to the propensity rule where “several crimes are intermixed, or 
blended with one another, or connected so that they form an indivisible criminal 
transaction, and full proof by testimony, whether direct or circumstantial, of 
any one of them cannot be given without showing the others.”  The reason 
for its admissibility “is simply because in narrating the one it is 
impracticable to avoid describing the other, and not because the other has any 
evidential purpose.”  Necessity, then, seems to be one of the reasons 
behind admitting evidence of the accused's acts, words and conduct at the time 
of the commission of the offense.
  
 
Mayes, 816 S.W.2d at 86 n.4 (citations omitted), quoted in Rogers, 
853 S.W.2d at 33.  Necessity, then, is an “other purpose” for which 
same transaction contextual evidence is admissible under Rule 404(b).  Rogers, 
853 S.W.2d at 33.
Extraneous Offense Evidence Under Rule 404(b)
and
Jury Instructions

        The 
court of criminal appeals has held that if the defendant so requests at the 
guilt/innocence phase of trial, the trial court must instruct the jury not to 
consider extraneous offense evidence admitted for a limited purpose under Rule 
404(b) unless it believes beyond a reasonable doubt that the defendant committed 
the extraneous offense.  George v. State, 890 S.W.2d 73, 76 (Tex. 
Crim. App. 1994).   Therefore, an instruction limiting the jurors’ 
consideration of extraneous offense evidence to one of the purposes allowed by 
Rule 404(b), when requested, must include a beyond-a-reasonable-doubt 
instruction.  Id.; see Norrid v. State, 925 S.W.2d 342, 349 
(Tex. App.—Fort Worth 1996, no pet.).   However, the court of 
criminal appeals has held that such a limiting instruction is not required when 
extraneous offense evidence is admitted as same transaction contextual evidence 
during the guilt/innocence phase of a trial. Camacho v. State, 864 S.W.2d 
524, 535 (Tex. Crim. App. 1993), cert. denied, 510 U.S. 1215 (1994). In Camacho, 
the appellant sought a “limiting instruction” on the extraneous offenses of 
kidnapping and murder, requesting that
  
any 
evidence of an offense other than that charged in the indictment if any, may not 
be considered for any purpose by the jury unless and until they believe from the 
evidence beyond a reasonable doubt that the defendant committed such other 
offense, if any, and then such may be considered only for the limited purpose 
for which it was offered and admitted.
   
Id. 
at 534.
        The 
court of criminal appeals held that “those acts fall within the language of 
Rule 404(b) . . . which applies to proof of offenses ‘. . . arising in the 
same criminal transaction.’” Id. The court further held that “[t]he 
proof of the kidnapping and of the subsequent murders of two persons found in 
the house which appellant entered is same transaction contextual evidence. It 
was admissible as such and was not subject to the requirement of a limiting 
instruction.” Id. at 535; see also Hoffert v. State, 623 S.W.2d 
141, 145 (Tex. Crim. App. [Panel Op.] 1981) (“The Court has . . . consistently 
held that it is not necessary to give a limiting instruction on an extraneous 
offense which is admitted as part of a transaction which includes the offense on 
trial.”)
Extraneous Offense Evidence Under Article 37.07
and
Jury Instructions
        As 
set out above, article 37.07, section 3(a) allows the admission at punishment of 
“any other evidence of an extraneous crime or bad act that is shown beyond a 
reasonable doubt by evidence to have been committed by the defendant.”  Tex. Code Crim. Proc. Ann. art. 37.07, 
§ 3(a).  In Huizar v. State, the court of criminal appeals held 
that Article 37.07, section 3(a) requires a trial court to sua sponte 
give a beyond-a-reasonable-doubt instruction when evidence of extraneous 
offenses or bad acts is admitted at punishment.  12 S.W.3d 479, 484 (Tex. 
Crim. App. 2000).  The court reasoned that
  
[s]ection 3(a)’s requirement that the jury be satisfied of the defendant’s 
culpability in the extraneous offenses and bad acts is thus ‘law applicable to 
the case’ in the non-capital punishment context. . . . As this was ‘law 
applicable to the case’ appellant was not required to make an objection or 
request under section 3(a) in order for the trial court to instruct the jury 
thereunder. 
 
Id.
        However, 
the Texas Court of Criminal Appeals has not addressed whether a 
beyond-a-reasonable-doubt instruction is required when evidence of other 
offenses is admitted during the guilt/innocence phase and reoffered at the 
punishment phase of a trial as same transaction contextual evidence. King v. 
State, 125 S.W.3d 517, 519-20 (Tex. Crim. App. 2003) (Cochran, J., 
concurring in refusal of appellant’s petition for discretionary review) 
(noting that court of criminal appeals has not expressly addressed issue of 
whether article 37.07, section 3(a) requires beyond-a-reasonable-doubt 
punishment instruction for extraneous offenses admitted as same transaction 
contextual evidence at guilt/innocence and re-offered at punishment).
ANALYSIS
        
Given this backdrop, we turn to the present case.  As detailed above, 
Appellant testified on direct examination regarding the events surrounding the 
assault of his wife.  This included extensive testimony regarding drug and 
alcohol use and drunk driving by Appellant.  As Appellant himself 
testified, he and his wife got into an argument on their way home about people 
they had dated in the past. Appellant agreed with his counsel that they were 
both “drunk and probably not being too rationale [sic].”  It was during 
this car ride home that Appellant stated he first struck his wife when she 
grabbed the steering wheel. Appellant’s counsel then asked, “So you guys, 
fair to say, are in a very drunken, heated argument as you’re driving?”, to 
which Appellant replied, “Yes, ma’am.”  Appellant related that when 
he and his wife got back to their motel room, they continued to argue about the 
room they were staying in. Appellant stated, “You know, I was drunk and she 
was drunk and we started arguing about it.”  Appellant admitted that he 
assaulted his wife again during this time. Appellant concluded, “If we 
hadn’t both been drunk, you know, and high on drugs, I would have never done 
it.”
        Appellant 
seems to have offered the evidence of his own drug and alcohol use to explain 
the circumstances surrounding the reason he and his wife got into an argument 
and why he assaulted her.  Appellant himself intertwined the drug and 
alcohol use with the assault of his wife, explaining that he would not have done 
it if he hadn’t been high.  We conclude that the testimony describing the 
extensive drug and alcohol use on the day Appellant assaulted his wife was 
necessary to explain the circumstances surrounding the instant offense and 
constituted same transaction contextual evidence.  See Jackson v. State, 
927 S.W.2d 740, 742-43 (Tex. App.—Texarkana 1996, no pet.) (holding that in 
defendant’s trial for attempted murder, evidence of drug activity involving 
defendant at location where shooting occurred was same transaction contextual 
evidence); Heiman v. State, 923 S.W.2d 622, 626 (Tex. App.—Houston [1st 
Dist.] 1995, pet. ref’d) (stating that evidence that defendant in indecency 
with a child offense injected himself and complainant with cocaine at the time 
of the offense was same transaction contextual evidence); see also Morgan v. 
State, No. 14-01-00809-CR, 14-01-00810-CR, 2002 WL 1438680, at *5 (Tex. 
App.—Houston [14th Dist.] July 3, 2002, pet. ref’d) (not designated for 
publication) (holding that evidence of appellant’s cocaine and alcohol use was 
admissible and relevant as same transaction contextual evidence: “Appellant 
himself ‘blended’ his cocaine and alcohol use with the sexual abuse 
allegations by stating that if he did commit the sexual abuse, it was while he 
was under the influence of cocaine and alcohol.”).
        The 
State argues that because the evidence of Appellant’s drug use and drunk 
driving constituted same transaction contextual evidence, no reasonable doubt 
instruction was required.  However, we do not necessarily agree.  As 
pointed out by Justice Cochran in King, article 37.07, section 3(a) 
“does not set out any ‘same transaction contextual evidence’ exception to 
the statutorily-required reasonable-doubt jury instruction.” King, 125 
S.W.3d at 519.  Therefore, article 37.07, section 3(a) is distinguishable 
from rule 404(b), which does contain an express exception for evidence 
“arising in the same transaction.” Tex. 
R. Evid. 404(b); see also Rogers, 853 S.W.2d at 33 (holding that 
necessity is an “other purpose” for which same transaction contextual 
evidence is admissible under Rule 404(b)).  Under the normal approach to 
statutory interpretation, we look solely to the literal text of the statute for 
its meaning unless the text is ambiguous or application of the statute's plain 
language would lead to an absurd result that the legislature could not possibly 
have intended.  Fryer v. State, 68 S.W.3d 628, 629 (Tex. Crim. App. 
2002).  Given that article 37.07, section 3(a) is not ambiguous, we 
hesitate to read into it an exception to the burden of proof for extraneous 
offenses or bad acts offered as same transaction contextual evidence.
        Additionally, 
we do not believe that there is a “necessity” of showing the surrounding 
circumstances in order to present a complete picture to the jury at the 
punishment phase.  When same transaction contextual evidence is admitted at 
the guilt/innocence phase, it is deemed an exception to rule 404(b) because 
“the jury is entitled to know all relevant surrounding facts and circumstances 
of the charged offense.” Prible v. State, No. AP-74487, 2005 WL 156555, 
at *6 (Tex. Crim. App. Jan. 26, 2005).  However, this is not the case when 
this evidence is admitted at punishment because the jury has already determined 
guilt.  “[W]hen the State offers same transaction contextual evidence at 
punishment, it is offering the evidence to prove the defendant’s character, 
not simply the circumstances surrounding the crime.”  King, 125 
S.W.3d at 519-20.  Moreover, as discussed by the court of criminal appeals 
in Fields v. State,
   
At the punishment phase, the defendant has already been found guilty beyond a 
reasonable doubt of each element of the offense charged. . . . Prior crimes or 
bad acts are introduced to provide additional information which the jury may use 
to determine what sentence the defendant should receive. The statute requires 
that such evidence may not be considered in assessing punishment until the 
fact-finder is satisfied beyond a reasonable doubt that these prior acts are 
attributable to the defendant. Once this requirement is met, the fact-finder may 
use the evidence however it chooses in assessing punishment. Thus, this 
evidence serves a purpose very different from evidence presented at the 
guilt-innocence phase.
 
 
1 
S.W.3d 687, 688 (Tex. Crim. App. 1999). Clearly, the one purpose for which 
evidence of extraneous offenses is not admissible at the guilt/innocence 
phase—to show the character of the defendant—is the one purpose for which 
that evidence is allowed to assist the jury in determining punishment under 
article 37.07, section 3(a).
        However, 
even if we assume that the trial court did err in failing to sua sponte 
provide a beyond-a-reasonable-doubt jury instruction regarding Appellant’s 
drug use and drunk driving, Appellant was not harmed.
        We 
review the erroneous failure to give a punishment-phase reasonable doubt 
instruction under Almanza v. State, 686 S.W.2d 157 (Tex. Crim. App. 1985) 
(op. on reh'g).  Martin v. State, 42 S.W.3d 196, 200 (Tex. 
App.—Fort Worth 2001, pet. ref’d) (citing Huizar, 12 S.W.3d at 
484-85).  Because Appellant did not request an instruction or object to its 
omission, we must decide whether “the error is so egregious and created such 
harm that he ‘has not had a fair and impartial trial’—in short 
‘egregious harm.’”  Almanza, 686 S.W.2d at 171; Martin, 
42 S.W.3d at 200.  In making this determination, the actual degree of harm 
must be assayed in light of the entire jury charge, the state of the evidence, 
including the contested issues and weight of probative evidence, the argument of 
counsel, and any other relevant information revealed by the record of the trial 
as a whole.  Almanza, 686 S.W.2d at 171; Martin, 42 S.W.3d at 
200.  Egregious harm is a difficult standard to prove and must be 
determined on a case-by-case basis.  Hutch v. State, 922 S.W.2d 166, 
171 (Tex. Crim. App. 1996); Martin, 42 S.W.3d at 200.
        Appellant 
himself testified on direct examination to his drug use and drunk driving on the 
day of the assault.  Therefore, there can be no doubt as to his connection 
to these extraneous offenses.  See Martin, 42 S.W.3d at 201 
(concluding that the omission of a reasonable doubt instruction was not harmful 
because there could be little doubt as to defendant’s connection with the bad 
acts to which he voluntarily admitted at guilt/innocence).  Moreover, the 
jury was also able to consider the substantial list of prior convictions to 
which Appellant himself testified and which the State presented to prove the 
habitual offender allegation.  Furthermore, Appellant faced a sentence 
range of twenty-five to ninety-nine years and received a sentence of thirty-five 
years’ confinement, which was towards the lower end of the punishment 
range.  Indeed, this was much lower than the State’s request that the 
jury not consider anything less than fifty years.  See Batiste v. State, 
73 S.W.3d 402, 408 (Tex. App.—Dallas 2002, no pet.) (concluding that appellant 
did not show egregious harm by failure to give a reasonable doubt instruction 
when jury assessed punishment far below the maximum punishment available, 
despite the State's suggestion that it “start at the top”); Brown v. 
State, 45 S.W.3d 228, 232-33 (Tex. App.—Fort Worth 2001, pet. ref’d) 
(asserting that fact that appellant received punishment at low end of punishment 
range, in contradiction of the State’s request, militated towards showing 
appellant was not harmed by lack of reasonable doubt instruction).
        Therefore, 
based on the record as a whole, we hold that Appellant has not shown that he 
suffered egregious harm.
CONCLUSION
        We 
hold that even if we assume that a beyond-a-reasonable-doubt instruction was 
required in this situation, the trial court’s failure to sua sponte 
provide one did not deprive Appellant of a fair and impartial trial.  
Accordingly, we overrule Appellant’s sole point on appeal and affirm the trial 
court’s judgment.
  
  
                                                          ANNE 
GARDNER
                                                          JUSTICE
   
 
PANEL 
A:   CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.
 
CAYCE, 
C.J. concurs without opinion.
 
PUBLISH
 
DELIVERED: 
April 28, 2005

 
NOTES
1.  
In oral argument, Appellant’s attorney raised two new extraneous offenses not 
mentioned in his brief: pulling a phone out of a hotel room wall and threatening 
to kill his wife.  An appellant may not raise new points during oral 
argument; therefore, we will not address these previously unmentioned offenses 
because they were not included in the written argument of Appellant’s brief.  
See Tex. R. App. P. 39.2.