**Ernest Lee KING, Appellant,**

v.

**The STATE of Texas.**

**Nos. 1115–03, 1116–03.**

Court of Criminal Appeals of Texas.

Nov. 12, 2003.

Order Refusing Discretionary Review
Nov. 12, 2003.

Kurt B. Wentz, Houston, for Appellant.

Lori Deangelo Fix, Assistant District Attorney, Houston, Matthew Paul, State's Attorney, Austin, for State.

COCHRAN, J., filed a statement concurring in the refusal of the petition in which PRICE, JOHNSON and HOLCOMB, J.J., joined.

I concur in the Court's refusal of discretionary review—which I based on appellant's failure to comply with the rules of appellate procedure and *Degrate v. State.*[1] Together, the rules and *Degrate* require that an appellant, in a petition for discretionary review, set forth "grounds for review" stating how the court of appeals erred and "arguments" specifically amplifying why the grounds or questions presented have general significance to the jurisprudence of Texas.[2]

A jury found appellant, Ernest Lee King, guilty of two counts of aggravated sexual assault of a child and sentenced him to 40 years imprisonment in each case, to be served concurrently. The child in this case was appellant's girlfriend's five-year-old daughter. Many of the issues appellant raised on direct appeal were tied to: the admission of evidence of thirteen allegedly extraneous acts of sexual misconduct without limiting instructions; the failure to include a reasonable-doubt charge concerning these acts; and his attorney's lack of effort to secure the same. The court of appeals wrote a thorough 13 page unpub-

lished memorandum opinion affirming appellant's conviction and sentence.[3]

Appellant then filed his petition for discretionary review and presented this Court with six grounds for review.[4] Three grounds alleged trial court error and three alleged ineffective assistance of trial counsel. None of the six grounds or arguments amplifying those grounds discussed the court of appeals' decision or rationale. The first ground states:

The trial court erred in failing to charge the jury at punishment that it may consider extraneous misconduct in sentencing the Appellant only if it believes such extraneous misconduct was committed by the Appellant.

On its face, this is a direct appeal complaint about what went wrong in the trial court rather than a discretionary review complaint about what went wrong in the court of appeals.

In his argument section for the first ground, appellant cites TEX.R.APP. P. 66.3(b) and asserts that this ground should be granted "for the reason that the Court of Appeals' has decided an important question of State or federal law that has not been, but should be, settled by the Court of Criminal Appeals." So far, however, I am still in the dark about what the court of appeals did or did not do. I know what the trial court did. It did not give the "reasonable doubt" instruction. But what about the court of appeals? Did it decide that such an instruction was not necessary? Is the right to such an instruction

---

1. 712 S.W.2d 755 (Tex.Crim.App.1986).

2. *See* TEX.R.APP. P. 66 & 68; *Degrate,* 712 S.W.2d at 756.

3. *King v. State,* Nos. 14–02–00204–CR & 14–02–00205–CR, 2003 WL 1884295 (Tex.App.-Houston [14th Dist.] 2003) (not designated for publication) 2003 Tex.App. LEXIS 3319.

4. This is rather a lot. I look upon one or two well-crafted grounds for review more favorably as it is most unusual that a court of appeals might be seriously wrong on numerous different issues of statewide importance.

the question of law that has not been settled by this Court? Surely not. We decided that issue three years ago.[5] I read on.

The next two sentences set out the specific acts of misconduct which were admitted at punishment when the State re-offered all of the evidence admitted at the guilt-innocence phase. Reading on, I finally reach what must be the heart of appellant's first ground: "Art. 37.07, Sec. 3(a)(1) does not distinguish between 'same transaction contextual evidence' and extraneous crimes or bad acts." This must be appellant's underlying complaint because the next sentence says: "[t]herefore, the trial court erred in failing to provide a charge on the necessity that all such acts be proven beyond a reasonable doubt." The rest of the argument states that the failure surely was harmful because appellant's sentence was far in excess of the minimum and was similar to that asked for by the prosecution.

Appellant's true ground becomes apparent only when I read the court of appeals' opinion, which appellant never mentioned in his petition save for six boilerplate invocations of Rule 66.3(b). The court of appeals, in the course of overruling this issue, held that the first nine acts listed by appellant as extraneous offenses requiring a reasonable-doubt instruction were not, in fact, extraneous offenses. Instead, they were "same transaction contextual evidence" for which no reasonable-doubt instruction was required.[6]

The court of appeals agreed with appellant that the trial court had, nevertheless, erred in failing to give the reasonable-doubt instruction for the last four acts listed which were separate extraneous acts. After a lengthy analysis, however, it concluded that the record did not show egregious harm.[7]

Thus, the stated ground for review was unhelpful on its face and, in fact, somewhat misleading because it implied that the court of appeals concluded that the trial court did not err in failing to give a reasonable-doubt instruction. To fairly bring forward his complaint to this court, appellant might have posed his ground along the following lines:

> The court of appeals' conclusion that a reasonable-doubt punishment instruction is not required for extraneous offenses admitted as "same transaction contextual evidence" at guilt-innocence and re-offered at punishment is misguided because Article 37.07, § 3(a)(1) does not set out any "same transaction contextual evidence" exception to the statutorily-required reasonable-doubt jury instruction.

This may seem a mouthful, but it points this Court to precisely the core complaint, the court of appeals' conclusion, and the statute upon which appellant relies.

In his argument section, appellant might have noted that this Court has not squarely addressed this issue, but perhaps we should because when the State offers same transaction contextual evidence at punishment, it is offering the evidence to prove

5. *See Huizar v. State*, 12 S.W.3d 479, 483–84 (Tex.Crim.App.2000) (holding that a trial court must instruct the jury on the "beyond a reasonable doubt" burden of proof regarding extraneous acts of misconduct admitted during the punishment phase).

6. *King*, 2003 WL 1884295, at* 2–3 2003 Tex. App. LEXIS at * 7–8 (citing *Garza v. State*, 2

S.W.3d 331, 334–35 (Tex.App.San Antonio 1999, pet. ref'd) and *Norrid v. State*, 925 S.W.2d 342, 349 (Tex.App.Fort Worth 1996, no pet.)).

7. *Id.* 2003 WL 1884295, at * 3–5, 2003 Tex. App. LEXIS at * 8–14.

the defendant's character, not simply the circumstances surrounding the crime.[8] This ground and argument would comply with the rules and *Degrate* and prevent this petition from being summarily refused.

Petitioners seeking review should not simply take their direct appeal briefs, make superficial changes, and file them. That methodology is virtually doomed because it fails to present the issue as it was actually decided by the court of appeals. Rarely will it garner the four votes necessary to grant review. Converting direct appeal grounds into discretionary review grounds involves much more than minor tinkering with the original brief. Instead, it involves a change of character, a recognition that this Court wants to know why we should, as a matter of sound discretion, expend our scarce judicial resources to review the court of appeals' reasoning about a particular legal issue.

The rationale for the argument (formerly the "reasons for review") section of a petition is to explain how and why the court of appeals' decision adversely impacts the criminal jurisprudence of Texas. Perhaps the opinion conflicts with other courts of appeals' reasoning on this very topic and thus confuses bench and bar concerning the content of a substantive law or procedural rule. Perhaps it decides a novel and important issue of state or federal law which this court has not yet addressed, but it is an issue that this court should address because it has far-reaching

or long-lasting impact or repercussions on other cases. Perhaps the court of appeals applied the wrong legal standard, and thus reached the wrong result in this case and would be likely to do so again.

Discretionary review to this court is not simply another new appeal if a party did not like the result in the first one. We do not "redo" what the courts of appeals have already done. In all cases, there is but one direct appeal, and in all but capital cases in which the defendant is sentenced to death, that direct appeal is to the courts of appeals. There is no second bite at the direct appeal apple.[9]

I do not mean to pick on appellant or his petition. His petition is not an extreme example of those we routinely receive which fail to comply with *Degrate*. Indeed, after I had finally deciphered his core complaint, I thought appellant had an interesting issue. This might be true of many of the petitions we receive and refuse on the basis of *Degrate* every week. Maybe next month there will be fewer in that pile.

KELLER, P.J., filed an opinion concurring in the refusal of the petition.

KELLER, Presiding Judge, filed an opinion concurring in the refusal of the petition.

Judge Cochran's opinion makes a number of valid points. Those who draft petitions for discretionary review would do well to comply with the rules of appellate

---

8. I do not mean to characterize the terms of this appellant's complaint, but merely to hypothesize the type of discussion an appellant might make in his argument section.

9. This court has been admittedly fitful about whether it should exercise its discretionary review authority simply to correct what a majority of the judges see as error in the outcome of a case—in effect, saying it should not in *Arcila v. State*, 834 S.W.2d 357 (Tex.

Crim.App.1992), and then saying it should in *Guzman v. State*, 955 S.W.2d 85 (Tex.Crim. App.1997). *See* George E. Dix & Robert O. Dawson, 43B Texas Practice—Criminal Practice and Procedure § 44.12 (2d ed.2001). Even if this court is open to granting review simply to correct a particular result, it may miss the right case in which to do that if the petition fails to comply with *Degrate*.

procedure and the dictates of *Degrate v. State*[1] in order to avoid the possibility that an insufficient petition will impede or prevent review of the issues in the case.

Nevertheless, I would point out that noncompliance does not automatically preclude the Court or a judge from reviewing the merits of a petition. When the merits of a petition are presented sufficiently, I do not vote to refuse for noncompliance. In this case my decision to refuse review is based upon the merits of the petition.

1. 712 S.W.2d 755 (Tex.Crim.App.1986).