Patrick Wayne **GREGORY**, Appellant

v.

The **STATE** of Texas.

No. PD–2010–04.

Court of Criminal Appeals of Texas.

Nov. 9, 2005.

Henry L. Burkholder III, Houston, for Appellant.

Amanda Peters, Asst. Dist. Atty., Houston, for State.

HOLCOMB J., concurs in the refusal of the petition for discretionary review.

## CONCURRING STATEMENT

I concur in the decision to refuse appellant's petition for discretionary review. My reasons for doing so are both procedural and substantive. I write to explain those reasons so that, hopefully, hereafter, attorneys representing appellants on petition to this Court, at the very least, will stop repeating the errors which may cause members of this Court to refuse a petition on procedural grounds. My discussion begins with a review of the relevant facts.

Harris County Deputy Sheriff Lee Martin encountered appellant and two compan-

ions while patrolling a "high crime area" after midnight. The group was standing at the rear of a car that was illegally parked in a cul-de-sac. Officer Martin parked behind the car, but before he got out of his cruiser to approach the group, they walked from the rear of the car to the front of the car. Officer Martin frisked appellant for weapons and retrieved a small bag of marijuana from appellant's back pocket. Appellant then admitted to having another small amount of marijuana in his sock.

Appellant was charged with the Class B misdemeanor of possession of marijuana, less than two ounces. TEX. HEALTH & SAFETY CODE ANN. § 481.121 (Vernon 2003). Appellant pleaded not guilty and filed a pre-trial motion to suppress the marijuana, claiming that the officer did not have probable cause to conduct the warrantless pat-down search under either federal or state law. At the hearing on the motion to suppress, Officer Martin testified, in relevant part, that he decided to approach the group because it appeared that they were trying to conceal something. Officer Martin further testified that, although he was not in fear for his safety, he searched appellant for weapons because, essentially, that was the routine practice when encountering people in high crime areas late at night. Appellant argued to the trial court that because appellant did not make any furtive gestures or otherwise cause Officer Martin to fear for his safety, the pat-down search was improper. Moreover, appellant argued, Officer Martin admitted that before he patted appellant down, Officer Martin was not in fact in fear for his safety.

The trial court denied appellant's motion to suppress and recited findings of fact and conclusions of law into the record, which in sum, found the warrantless search reasonable due to the time and place of the search, for safety reasons, and because it appeared that the group was attempting to conceal something.

A jury found appellant guilty of the crime charged, and punishment was assessed by the trial court at thirty days in jail. On direct appeal, appellant complained of the trial court's denial of his motion to suppress because Officer Martin lacked reasonable, articulable suspicion to believe that appellant was armed and dangerous. *Gregory v. State,* 175 S.W.3d 800 (Tex.App.-Houston [1st Dist.] 2004, pet. filed). The court of appeals affirmed the judgment of the trial court, correctly explaining that Officer Martin's subjective belief that he was not in danger is not the proper focus when considering the constitutionality of a pat-down search. The court of appeals went on to hold that precedent supported a pat-down search under the totality of the circumstances.

Appellant filed a petition for discretionary review in this court. His sole ground for review was framed as follows:

THE *TRIAL COURT* COMMITTED REVERSIBLE ERROR IN RULING ADMISSIBLE THE SEIZURE OF THE MARIJUANA FOUND ON THE APPELLANT'S PERSON, WHERE DEPUTY MARTIN DID NOT HAVE REASONABLE SUSPICION TO BELIEVE THAT THE APPELLANT WAS ARMED OR DANGEROUS, IN VIOLATION OF THE APPELLANT'S FOURTH AMENDMENT RIGHT AGAINST UNREASONABLE SEARCHES AND SEIZURES. (emphasis added).

### DISCUSSION

This Court has repeatedly and consistently said that a petition for review should specifically address error in the court of appeals's holding. *Degrate v. State,* 712 S.W.2d 755 (Tex.Crim.App.1986) (per curiam); *State v. Consaul,* 982 S.W.2d

899, 902 (Tex.Crim.App.1998) (Price, J., concurring) ("This court's jurisdiction is limited to review of decisions by the courts of appeals."); *King v. State,* 125 S.W.3d 517, 518 (Tex.Crim.App.2003) (Cochran, J., concurring statement) (citing *Degrate,* 712 S.W.2d at 756; Tex.R.App. P. 66, 68). Neither appellant's ground for review nor his supporting argument complains about the court of appeals's reasoning for affirming the trial court's denial of his motion to suppress.

Although our authority is virtually absolute [1] to grant review of any petition filed or any holding of the courts of appeals, we ordinarily refuse a petition for review that does not directly attack the holding of the court of appeals. *See State v. Consaul,* 982 S.W.2d at 902 (citing Tex.R.App. P. 66.1 & *Sotelo v. State,* 913 S.W.2d 507, 509 (Tex.Crim.App.1995)). Similarly, it is unlikely that a petition for discretionary review that is simply cut-and-pasted from the direct appeal brief will be granted because it necessarily will not complain about error committed by the court of appeals. *See King,* 125 S.W.3d at 520; *Degrate,* 712 S.W.2d at 756 (noting that a petition for review that merely reiterates the exact points of error from the direct appeal brief presents nothing for review). Because it is arguable whether appellant's ground for review as stated and his supporting argument have even invoked our jurisdiction, *see State v. Consaul,* 982 S.W.2d at 902, refusal of the petition for procedural reasons are sound. *See e.g., King,* 125 S.W.3d at 521 (Keller, P.J., concurring). However, my ultimate decision to join the refusal of the petition was based on substantive grounds. *See id.*

Pat-down searches conducted in high crime areas for safety reasons are not unreasonable when accompanied with other facts supporting reasonable suspicion. *Illinois v. Wardlow,* 528 U.S. 119, 123, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000); *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *cf. Gurrola v. State,* 877 S.W.2d 300 (Tex.Crim.App.1994) (defendant's mere presence in a high-crime area may not serve as the sole basis for a *Terry* stop).

A better argument, which unfortunately was not made in the trial court by way of the written motion to suppress or articulated at the hearing, would have been that Officer Martin did not have authority under federal or state law to extend his pat-down search into appellant's back pocket and retrieve the small bag of marijuana. *See Minnesota. v. Dickerson,* 508 U.S. 366, 375–79, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993) (extending "plain-feel" doctrine to contraband). A logical inference can be drawn that the small amount of marijuana here could not have been mistaken for a weapon, and thus, the pat-down exceeded its permissible scope. *See id.* at 378–79, 113 S.Ct. 2130 (where search exceeds that which is necessary to determine if the suspect is armed, the fruits of the search will be suppressed); *see also Sibron v. New York,* 392 U.S. 40, 65–66, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). Therefore, it is my view that appellant's only possible hope for relief (as far as the state courts are concerned) [2] is to file a writ of habeas

---

1. *See* Tex Const. art. V, §§ 5 & 6. The careful practitioner will also be well-advised to read *Clewis v. State,* 922 S.W.2d 126 (Tex.Crim. App.1996) and *Meraz v. State,* 785 S.W.2d 146, 152–154 (Tex.Crim.App.1990) (courts of appeals are the final arbiters of fact questions) before filing a petition for discretionary review upon a complaint that the court of appeals's erred in its review of the factual sufficiency of the evidence.

2. Regardless of my view of appellant's preserved substantive complaint, nothing in this opinion should discourage appellant from filing a writ of certiorari to the Supreme Court of the United States. Although I believe the

corpus complaining of ineffective assistance of trial counsel. *See Dickerson,* 508 U.S. at 379, 113 S.Ct. 2130.

With these comments, I join the decision to refuse appellant's petition for discretionary review.

facts here would not preclude a pat-down search for weapons under the Fourth Amendment, that does not mean, naturally, that the Supreme Court would share my view. Admittedly, the facts here do present a very close call.