IN THE COURT OF
CRIMINAL APPEALS

                                   OF
TEXAS

 

                                                                              

                                                               NO.
PD-2010-04

 



 

                                       PATRICK WAYNE GREGORY, Appellant

 

                                                                             v.

 

                                                        THE
STATE OF TEXAS

 



                   ON APPELLANT=S
PETITION FOR DISCRETIONARY REVIEW

                                       FROM
THE FIRST COURT OF APPEALS

                                                             HARRIS  COUNTY



 

Holcomb J., concurs in the refusal of the petition for
discretionary review.

 

                              C O N C U R R I N G 
S T A T E M E N T

 

I concur in the decision to refuse
appellant=s petition for discretionary review.  My reasons for doing so are both
procedural and substantive.  I write to explain those reasons so that,
hopefully, hereafter, attorneys representing appellants on petition to this
Court, at the very least, will stop repeating the errors which may cause
members of this Court to refuse a petition on procedural grounds.  My
discussion begins with a review of the relevant facts.








Harris County Deputy Sheriff Lee
Martin encountered appellant and two companions while patrolling a Ahigh crime area@ after midnight.  The group was
standing at the rear of a car that was illegally parked in a cul-de-sac. 
Officer Martin parked behind the car, but before he got out of his cruiser to
approach the group, they walked from the rear of the car to the front of the
car.  Officer Martin frisked appellant for weapons and retrieved a small bag of
marijuana from appellant=s back pocket.  Appellant then admitted to having another
small amount of marijuana in his sock.  

Appellant was charged with the Class
B misdemeanor of possession of marijuana, less than two ounces.  Tex. Health & Safety Code Ann. ' 481.121 (Vernon 2003).  Appellant
pleaded not guilty and filed a pre-trial motion to suppress the marijuana,
claiming that the officer did not have probable cause to conduct the
warrantless pat-down search under either federal or state law.  At the hearing
on the motion to suppress, Officer Martin testified, in relevant part, that he
decided to approach the group because it appeared that they were trying to
conceal something.  Officer Martin further testified that, although he was not
in fear for his safety, he searched appellant for weapons because, essentially,
that was the routine practice when encountering people in high crime areas late
at night.  Appellant argued to the trial court that because appellant did not
make any furtive gestures or otherwise cause Officer Martin to fear for his
safety, the pat-down search was improper.  Moreover, appellant argued, Officer
Martin admitted that before he patted appellant down, Officer Martin was not in
fact in fear for his safety.








The trial court denied appellant=s motion to suppress and recited
findings of fact and conclusions of law into the record, which in sum, found
the warrantless search reasonable due to the time and place of the search, for
safety reasons, and because it appeared that the group was attempting to
conceal something.  

A jury found appellant guilty of the
crime charged, and punishment was assessed by the trial court at thirty days in
jail.  On direct appeal, appellant complained of the trial court=s denial of his motion to suppress
because Officer Martin lacked reasonable, articulable suspicion to believe that
appellant was armed and dangerous.  Gregory v. State, 01-03-00192-CR
(Tex. App.BHouston [1st Dist.] 2004, pet. filed).  The court of appeals affirmed the
judgment of the trial court, correctly explaining that Officer Martin=s subjective belief that he was not
in danger is not the proper focus when considering the constitutionality of a
pat-down search.  The court of appeals went on to hold that precedent supported
a pat-down search under the totality of the circumstances. 

Appellant filed a petition for
discretionary review in this court.  His sole ground for review was framed as
follows: 

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN
RULING ADMISSIBLE THE SEIZURE OF THE MARIJUANA FOUND ON THE APPELLANT'S PERSON,
WHERE DEPUTY MARTIN DID NOT HAVE REASONABLE SUSPICION TO BELIEVE THAT THE
APPELLANT WAS ARMED OR DANGEROUS, IN VIOLATION OF THE APPELLANT'S FOURTH
AMENDMENT RIGHT AGAINST UNREASONABLE SEARCHES AND SEIZURES. (emphasis added).

 

 

Discussion













This Court has repeatedly and
consistently said that a petition for review should specifically address error
in the court of appeals=s holding.  Degrate v. State, 712 S.W.2d 755 (Tex.
Crim. App. 1986) (per curiam); State v. Consaul, 982 S.W.2d 899, 902
(Tex. Crim. App. 1998) (Price,
J., concurring) (AThis court=s jurisdiction is limited to review of decisions by the
courts of appeals.@); King v. State, 125 S.W.3d 517, 518 (Tex. Crim. App.
2003) (Cochran, J., concurring
statement) (citing Degrate, 712 S.W.2d at 756; Tex. R. App. P. 66, 68).  Neither appellant=s ground for review nor his
supporting argument complains about the court of appeals=s reasoning for affirming the trial
court=s denial of his motion to suppress.         Although
our authority is virtually absolute[1] to grant
review of any petition filed or any holding of the courts of appeals, we
ordinarily refuse a petition for review that does not directly attack the
holding of the court of appeals.  See State v. Consaul, 982 S.W.2d at
902 (citing Tex. R. App. P. 66.1
& Sotelo v. State, 913 S.W.2d 507, 509 (Tex. Crim. App. 1995)). 
Similarly, it is unlikely that a petition for discretionary review that is
simply cut-and-pasted from the direct appeal brief will be granted because it
necessarily will not complain about error committed by the court of appeals.  See
King, 125 S.W.3d at 520; Degrate, 712 S.W.2d at 756 (noting that a
petition for review that merely reiterates the exact points of error from the
direct appeal brief presents nothing for review).  Because it is arguable
whether appellant=s ground for review as stated and his supporting argument
have even invoked our jurisdiction, see State v. Consaul, 982 S.W.2d at
902, refusal of the petition for procedural reasons are sound.  See e.g.,
King, 125 S.W.3d at 521 (Keller,
P.J., concurring).  However, my ultimate decision to join the refusal of the
petition was based on substantive grounds.  See id.  

Pat-down searches conducted in high
crime areas for safety reasons are not unreasonable when accompanied with other
facts supporting reasonable suspicion.  Illinois v. Wardlow, 528 U.S.
119, 123 (2000); Terry v. Ohio, 392 U.S. 1 (1968); cf. Gurrola v.
State, 877 S.W.2d 300 (Tex. Crim. App. 1994) (defendant=s mere presence in a high‑crime
area may not serve as the sole basis for a Terry stop).








A better argument, which
unfortunately was not made in the trial court by way of the written motion to
suppress or articulated at the hearing, would have been that Officer Martin did
not have authority under federal or state law to extend his pat-down search
into appellant=s back pocket and retrieve the small bag of marijuana.  See Minnesota.
v. Dickerson, 508 U.S. 366, 375-79 (1993) (extending Aplain-feel@ doctrine to contraband).  A logical
inference can be drawn that the small amount of marijuana here could not have
been mistaken for a weapon, and thus, the pat-down exceeded its permissible
scope.  See id. at 378-79 (where search exceeds that which is necessary
to determine if the suspect is armed, the fruits of the search will be
suppressed); see also Sibron v. New York, 392 U.S. 40, 65‑66
(1968).  Therefore, it is my view that appellant=s only possible hope for relief (as
far as the state courts are concerned)[2] is to file a
writ of habeas corpus complaining of ineffective assistance of trial counsel.  See
Dickerson, 508 U.S. at 379.

With these comments, I join the
decision to refuse appellant=s petition for discretionary review.  

Filed:
November 9, 2005

Publish

 

 

 

 









[1]
See Tex. Const. art. V, '' 5 & 6.  The careful
practitioner will also be well-advised to read Clewis v. State, 922
S.W.2d 126 (Tex. Crim. App. 1996) and Meraz v. State, 785 S.W.2d 146,
152‑154 (Tex. Crim. App. 1990) (courts of appeals are the final arbiters
of fact questions) before filing a petition for discretionary review upon a
complaint that the court of appeals=s
erred in its review of the factual sufficiency of the evidence.  





[2] 
Regardless of my view of appellant=s
preserved substantive complaint, nothing in this opinion should discourage
appellant from filing a writ of certiorari to the Supreme Court of the United
States.  Although I believe the facts here would not preclude a pat-down search
for weapons under the Fourth Amendment, that does not mean, naturally, that the
Supreme Court would share my view.  Admittedly, the facts here do present a
very close call.