IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0887-07






MAKALA D. BRADLEY, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SIXTH COURT OF APPEALS


GREGG COUNTY





 Cochran, J., filed a statement concurring in the refusal of the petition, in which
Meyers, Johnson, and Holcomb, JJ., joined.


CONCURRING STATEMENT 



 I concur in the Court's refusal of discretionary review based on appellant's failure to
comply with the rules of appellate procedure and Degrate v. State. (1) From time to time,
various members of this Court issue a reminder that petitions for discretionary review must
set forth "grounds for review" stating how the court of appeals erred in the particular case,
coupled with "arguments" specifically addressing that error and explaining its general
significance to the jurisprudence of Texas. (2) This reminder has the salubrious effect of
temporarily decreasing the number of Degrate petitions that this Court receives. It is, alas,
of only temporary effect. This past week, for example, we reviewed fifty-nine petitions for
discretionary review. Nine of those-almost 17% of the total-fell into the Degrate category. 
Thus, once more unto the breach, dear friends.

 In the present case, appellant pled guilty to shoplifting about $158.00 worth of goods
from Wal-Mart, and she pled "true" to two enhancement paragraphs, making the offense a state
jail felony. (3) She elected to have a jury assess her punishment, and it sentenced her to twenty
months' imprisonment. Appellant raised one claim on appeal: The trial court erred in allowing
the State to cross-examine appellant's mother about an unadjudicated theft. (4) The court of
appeals did not address the merits of that complaint because appellant failed to object at the
time her mother testified. (5)

 In her petition for discretionary review, appellant properly poses the issue:

 The Court of Appeals erred in holding that the Appellant's pretrial objection to
an extraneous offense failed to preserve error regarding the State's cross-examination of the Appellant's mother about that unproven extraneous offense. (6)


Depending upon appellant's argument as to why this preservation issue is of importance to the
jurisprudence of the state, (7) the petition would not run afoul of Degrate and might be
considered worthy of review. 

 Unfortunately, appellant's argument section focuses exclusively upon the merits of the
original claim that she brought to the court of appeals: whether the trial court erred in allowing
the State to cross-examine appellant's mother about an unadjudicated act of theft. Appellant
does not explain why this Court should address her preservation claim or why the jurisprudence
of the state will be adversely affected by the court of appeals's decision. In fact, appellant
makes no mention of the decision or reasoning of the court of appeals in her argument section. 
But appellant's issue or ground for review properly deals with preservation of the claim, not
the underlying merits of the claim. If this Court were to accept this petition, we, too, would
deal only with the preservation issue, not the merits of the claim. Therefore, appellant's
argument section of the petition must deal with the preservation issue. It does not do so. It
is deficient under Degrate. We will not exercise our discretionary review authority to address
the underlying merits of a claim that the court of appeals declined to address because of a
failure to preserve that claim, especially when an appellant fails to even discuss the
preservation issue in the argument section. (8) 

 Converting a direct appeal claim into a discretionary review ground entails considerably
more time, effort, and analysis than a minor tinkering with the original direct appeal brief. 
"Instead, it involves a change of character, a recognition that this Court wants to know why we
should, as a matter of sound discretion, expend our scarce judicial resources to review the
court of appeals' reasoning about a particular legal issue." (9) Practitioners can keep themselves
from falling over the Degrate cliff if they begin the argument section of their petitions with
a brief quote from the court of appeals's opinion and an explanation of why this legal issue is
of great importance to the jurisprudence of the state: it is a novel issue, but one that is likely
to arise in many other cases; the reasoning or result in this case runs directly counter to that
of a prior case by this Court or to that of another court of appeals; the reasoning or result runs
counter to (though is not in direct conflict with) prior precedent; the court of appeals has
arguably misconstrued a constitutional provision, statute, or other law. And so forth. A non-exhaustive list of reasons for granting discretionary review is set out in Rule 66.3 of the Texas
Rules of Appellate Procedure. (10) Practitioners should craft the argument section of their
petitions with this rule staring them in the face. It is not, however, necessary to quote it
woodenly; rather, the able practitioner will use Rule 66.3 to guide his arguments in a logical
and persuasive manner. The argument section will then be firmly anchored in the court of
appeals's opinion. (11)

 As a corollary, petitions for discretionary review rarely should present more than one
or two distinct claims of error by the court of appeals. It is exceedingly rare for a court of
appeals to commit numerous errors, each of which is likely to adversely impact the
jurisprudence of the state. Quantity is not a substitute for quality. One is best served by
formulating one or two strong grounds for review rather than scattering pellet shots across the
entire target of the direct appeal opinion.

 This is not a court of "error correction." We do not exist merely to re-do that which
the court of appeals has already done on direct appeal. "Our principal role as a court of last
resort is the caretaker of Texas law, not the arbiter of individual applications." (12) Thus, the
focus is not upon the specific "error" or the consequences to a specific defendant, but upon
the legal ramifications and ripple effect of the lower court's opinion. 

 A petition for discretionary review need not (and should not) attempt to resolve the
merits of the question presented. It need only attract the interest of at least four judges
concerning the legal issue. If the petition is granted, both sides will have ample opportunity
to present persuasive facts, authority, and reasoning to support a proposed resolution and
request specific relief. In short, a petition for discretionary review should be a highly polished
small jewel that invites the reader to request a view of the entire necklace. It should not be a
lump of coal that merely repeats the direct appeal brief. 

 I do not mean to pick on appellant or her petition (which sets out an interesting issue
for consideration). I write only in the fond hope that the next series of petitions for
discretionary review that we receive will contain a smaller percentage of Degrate briefs.


Filed: October 17, 2007

Publish 
1. 712 S.W.2d 755 (Tex. Crim. App. 1986).
2. See, e.g., Gregory v. State, 176 S.W.3d 826 (Tex. Crim. App. 2005) (Holcomb, J.,
concurring); King v. State, 125 S.W.3d 517 (Tex. Crim. App. 2003) (Cochran, J., concurring); State
v. Consaul, 982 S.W.2d 899, 902 (Tex. Crim. App. 1998) (Price, J., concurring); Salinas v. State,
897 S.W.2d 785 (Tex. Crim. App. 1995) (Baird, J., concurring); Leal v. State, 773 S.W.2d 296
(Tex. Crim. App. 1989) (per curiam).
3. Tex. Penal Code § 31.03(e)(4)(D).
4. Bradley v. State, No. 06-06-00185-CR, 2007 Tex. App. LEXIS 3748 at *5 (Tex.
App.-Texarkana May 16, 2007) (not designated for publication).
5. Id. at *5 (concluding, "For failure to object to the questioning of Bradley's mother, Bradley
has not preserved error; she leaves us with nothing to review.").
6. Appellant also rephrased the issue as a "Question Presented":

 Does a pretrial objection regarding the State's proof of an extraneous offense suffice to
preserve error when the State asks "have you heard" questions based on that alleged
but unproven extraneous offense?
7. See King, 125 S.W.3d at 520:

 The rationale for the argument (formerly the "reasons for review") section of a petition
is to explain how and why the court of appeals' decision adversely impacts the criminal
jurisprudence of Texas. Perhaps the opinion conflicts with other courts of appeals'
reasoning on this very topic and thus confuses bench and bar concerning the content of
a substantive law or procedural rule. Perhaps it decides a novel and important issue of
state or federal law which this court has not yet addressed, but it is an issue that this
court should address because it has far-reaching or long-lasting impact or repercussions
on other cases. Perhaps the court of appeals applied the wrong legal standard, and
thus reached the wrong result in this case and would be likely to do so again.

Id. (Cochran, J., concurring).
8. See Consaul, 982 S.W.2d at 902 (Price, J., concurring) ("This court's jurisdiction is limited
to review of decisions by the courts of appeals."); Degrate, 712 S.W.2d at 756-57 (noting that a
petition for discretionary review that merely reiterates the same points of error from the direct appeal
brief presents nothing for this Court's review).
9. King, 125 S.W.3d at 520 (Cochran, J., concurring).
10. Tex. R. App. P. 66.3.
11. Similarly, one might begin by writing out in long-hand the four most problematic sentences
from the court of appeals's opinion. Below each sentence, put bullet points as to why that sentence is
legally and logically incorrect. That exercise may focus the draftsman on the legal basis for the decision
by the court of appeals and upon its purported flaws. 
12. Arcila v. State, 834 S.W.2d 357, 360 (Tex. Crim. App. 1992).