NO. 07-10-0395-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 16, 2010

_____

IN RE ALFRED LEE STONE, RELATOR

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Relator, Alfred Lee Stone, proceeding *pro se* and *in forma pauperis*, has filed a myriad of documents and pleadings in this Court.[1]  Included within those documents is a pleading entitled *Original Writ of Mandamus,* wherein Relator requests this Court to compel the Honorable David L. Gleason, retired judge of the 47th District Court of Potter County, Texas,[2] to rule on a number of motions purportedly filed with the trial court.  In

---

[1]Relator has filed a document entitled *Original Writ of Mandamus,* which we construe as a petition for writ of mandamus, together with a *Motion to Suspend Writ of Mandamus,* which we construe as a motion to abate the mandamus proceeding initiated by his *Original Writ of Mandamus.*  Additionally, Relator has filed (1) a *Motion to Supplement the Record,* (2) a *Request for Service, Filing of Papers,* (3) a *Motion to Forward the Record,* (4) a *Motion to Withdraw the Record on Appeal,* (5) a *Motion for Judgment of Acquittal,* (6) a *Motion to Reform Judgment and Sentence,* and (7) a *Request for Serving and Filing of Pleadings and Other Papers.*  In addition to the documents purporting to seek affirmative relief, Relator has filed an *Affidavit of Inability to Pay Costs on Appeal,* two separate documents entitled *Proof of Service,* and a document entitled *Service of the Record on All Parties.*

[2]Judge Gleason was succeeded by the Honorable Hal Miner, who has since been succeeded by the Honorable Dan Schaap.  Rule 7.2(a) of the Texas Rules of Appellate Procedure provides for an automatic substitution of a public officer where appropriate.

addition to seeking mandamus relief, by separate correspondence received the same day, Relator has filed a *Motion to Suspend Writ of Mandamus,* requesting this Court to suspend the writ of mandamus until a hearing is held and "judgment" entered on his *Motion to Reform Judgment and Sentence.* For the reasons expressed herein, we deny the request for mandamus relief, deny the request to suspend this mandamus proceeding, and deny the motions ancillary to this mandamus proceeding.

## Background

Each of the documents filed by Relator relates to a prior conviction in cause number 31,986-A, in the 47th District Court in and for Potter County, Texas. In that cause, Relator was sentenced to twenty years confinement for the offense of aggravated assault. The records of this Court reflect that on May 9, 1994, Relator filed a direct appeal of that conviction; however, on August 6, 1994, he filed a *pro se* motion to dismiss the appeal. By opinion dated November 1, 1994, issued in cause number 07-94-0185-CR, this Court dismissed Relator's appeal, noting that no motion for rehearing would be entertained and that mandate would immediately issue.

On January 6, 1997, Relator filed a *pro se* motion requesting that this Court "dismiss" its 1994 dismissal of his original appeal. That motion was overruled for want of jurisdiction by opinion dated January 8, 1997, issued in the same appellate cause number.

Underlying the documents and pleadings filed by Relator in this proceeding is his attempt to again challenge his 1994 aggravated assault conviction. At the heart of those pleadings is Relator's *Original Writ of Mandamus*, wherein he requests that this

2

Court compel the Honorable David L. Gleason to hold a hearing and rule on his pending "motions and pleadings." Among other arguments, he asserts the evidence in support of his conviction was legally insufficient, specifically, the evidence to support the element of serious bodily injury.[3] Relator also contends he was denied effective assistance of counsel, denied an impartial jury, and was convicted on a defective indictment. Numerous other documents relating to the appellate record in 1994 have also been filed.[4] According to Relator's certificates of service, most documents were filed in the trial court on or about July 6, 2010; however, none of those documents bears a file stamp date. On September 9, 2010, he filed a *Notice of Mandamus* against the Honorable David L. Gleason and a *Demand for Performance*.

## Analysis

Initially, we note that Relator has failed to comply with mandatory requirements of Rule 52.3 of the Texas Rules of Appellate Procedure. Specifically, the numerous documents filed outlining the matters about which he complains are not certified or sworn copies as required by Rule 52.3(k)(1)(A). Neither do the motions accompanying his petition for writ of mandamus bear a file stamp date reflecting how long he has awaited rulings. A party proceeding *pro se* is not exempt from complying with rules of procedure. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). While this reason alone would be a sufficient basis for denying the relief requested, in

---

[3]Legal insufficiency and other arguments are raised in Relator's "Motion to Reform Judgment and Sentence," "Motion to Vacate Judgment and Sentence," and "Motion for Judgment of Acquittal."

[4]"Motion to Withdraw Record on Appeal," "Request for Service and Filing of Papers," "Motion to Supplement Record," and "Motion to Expand the Records."

the interest of judicial economy, we deem it appropriate to address the merits of Relator's requested relief.

## Standard of Review

Mandamus relief is an extraordinary remedy. *In re Southwestern Bell Telephone Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). "Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding) (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). To show entitlement to mandamus relief, a relator must (1) show that he has no adequate remedy at law to redress the alleged harm and (2) the act sought to be compelled is ministerial and does not involve a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex.Crim.App. 2007); *State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 198 (Tex.Crim.App. 2003). Relator's request fails in both respects.

## Adequate Remedy at Law

First, the right to appeal a criminal conviction is created by statute. *See* Tex. Code Crim. Proc. Ann. art. 44.02 (Vernon 2006). *See also McKinney v. State*, 207 S.W.3d 366, 374 (Tex.Crim.App. 2006). Direct appeal is the avenue for appealing sufficiency of the evidence. *McKinney*, 207 S.W.3d at 374. There is but one direct appeal; "[t]here is no second bite at the direct appeal apple." *King v. State*, 125 S.W.3d 517, 520 (Tex.Crim.App. 2003). Appellant exercised his right to a direct appeal in 1994 and voluntarily chose to have his appeal dismissed. Relator had an adequate remedy

4

at law by direct appeal in 1994 to raise the issues he now attempts to present through this original proceeding.  Mandamus will not lie when there was an adequate remedy by appeal.  *In re Entergy Corp.*, 142 S.W.3d 316, 320 (Tex. 2004).  Secondly, to the extent that Relator's complaints were not cognizable in his direct appeal, he has had, and still has, the right to file a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure.[5]

**Ministerial Act**

When a motion is properly pending before a trial court, the act of considering and ruling upon the motion is a ministerial act.  *Eli Lilly and Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992).  The trial court has, however, a reasonable time within which to perform its ministerial duty.  *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex.App.–San Antonio 1997, orig. proceeding).  Whether a reasonable period of time has lapsed is dependent on the circumstances of each case.  *Barnes v. State*, 832 S.W.2d 424, 426, (Tex.App.–Houston [1st Dist.] 1992, orig. proceeding).

The party requesting relief must provide a sufficient record to establish his entitlement to mandamus relief.  *See Walker*, 827 S.W.2d at 837.  *See also In re Bates*, 65 S.W.3d 133, 135 (Tex.App.–Amarillo 2001, orig. proceeding).  The record must show that the motion of which Relator complains was presented to the trial court and that it refused to act.  *See generally In re Villareal*, 96 S.W.3d 708, 710 n.2 (Tex.App.–Amarillo 2003, orig. proceeding) (filing something with the district clerk does not demonstrate

---

[5]For example, Relator's claim of ineffective assistance of counsel may be cognizable by writ of habeas corpus.

that a motion was presented to the trial court). *See also In re Chavez*, 62 S.W.3d 225, 228 (Tex.App–Amarillo 2001, orig. proceeding).

According to Relator's documents, the motions he seeks to have us compel the trial court to rule on were filed on July 6, 2010, and a demand for performance was filed on September 9th. Assuming, *arguendo,* that the motions were brought to the attention of the trial court, we decline to hold that this period of time constitutes an unreasonable delay in which to perform a ministerial duty. Therefore, Relator has not shown himself entitled to mandamus relief.

### Motion to Suspend Writ of Mandamus and Ancillary Motions

While asking for mandamus relief, at the same time Relator has asked us to suspend any mandamus relief. Notwithstanding the obvious incongruity of these requests, because Relator is not entitled to mandamus relief, he has not, and cannot, show himself entitled to suspend the granting of that relief. For the same reason, he has not, and cannot, show himself entitled to any motion relief ancillary to his mandamus proceeding.

Accordingly, we deny the request for mandamus relief, deny the request to suspend this mandamus proceeding, and deny any motion relief ancillary to this proceeding.

Patrick A. Pirtle
Justice

6