NO. 07-11-0209-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JULY 7, 2011

_____

IN RE JASON LAWSON, RELATOR

_____

ORIGINAL PROCEEDING
ARISING FROM PROCEEDINGS BEFORE THE 140TH DISTRICT COURT OF
LUBBOCK COUNTY; NOS. 2001-438439 & 2001-438400;
HONORABLE JIM BOB DARNELL, JUDGE PRESIDING

_____

Before HANCOCK and PIRTLE, JJ., and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Relator, Jason Lawson, an inmate proceeding *pro se*, seeks a writ of mandamus to compel the Honorable Jim Bob Darnell, Judge of the 140th District Court of Lubbock County, to rule on a *Motion to Correct Illegal Sentence*.[2] Relator alleges the trial court has failed to rule on his motion which has been pending since August 25, 2010. We deny the requested relief.

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (West 2005).

[2]Relator's complaint relates to his convictions for aggravated robbery which this Court affirmed on June 23, 2004, in cause numbers 07-03-00321-CR and 07-03-00322-CR.

**Mandamus Standard of Review**

Mandamus relief is an extraordinary remedy. *In re Southwestern Bell Telephone Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). "Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding) (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding)). To show entitlement to mandamus relief, a relator must satisfy three requirements: (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979).

**Analysis**

Initially, we address Relator's failure to comply with all but one of the mandatory requirements of Rule 52.3 of the Texas Rules of Appellate Procedure. While we are able to discern the identity of the parties, Relator's request for relief does not include a Table of Contents, Index of Authorities, Statement of the Case, Statement of Jurisdiction, Issues Presented, Statement of Facts, Argument, Prayer, Certification, or Appendix. *See* Tex. R. App. P. 52.3(a) - (k). Most importantly, Relator did not include a certified or sworn copy of the motion he complains of which would bear a file stamp date reflecting how long that motion has been pending in the trial court. *Id.* at 52.3(k)(1)(A).

Although *pro se* filings may be reviewed less stringently than those filed by attorneys, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), a party proceeding *pro se* must still comply with rules of procedure. *See*

*Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). Even if we were to review Relator's request for mandamus relief with patience and liberality, he still has not satisfied his burden to provide a sufficient record to enable this Court to consider the merits of his complaint. *See Walker*, 827 S.W.2d at 837.

Additionally, Relator requests a ruling on his motion "with full consideration of the merits of the motion pending, and not just a blantant [sic] denial which would result in [Relator] filling [sic] an appeal . . . ." Relator intimates he would be dissatisfied with a denial of his motion. While a trial court has a ministerial duty to consider and rule on a motion properly filed and pending before it, a particular ruling on the motion is generally discretionary and may be remedied by ordinary appeal. *In re Washington*, No. 09-07-00246-CV, 2007 Tex. App. LEXIS 6449, at *2 (Tex.App.--Beaumont Aug. 16, 2007, orig. proceeding) (citing *Ex parte Barnes*, 65 S.W.3d 133, 134-35 (Tex.App.--Amarillo 2001, orig. proceeding)).

Appellant's underlying cases resulted in two concurrent fifty year sentences. This original proceeding was brought to compel the trial court to rule on his motion to correct what he characterizes as illegal sentences. On direct appeal of the underlying cases, Relator challenged his sentences as null and void. In affirming his convictions, this Court disagreed. *See Lawson v. State*, Nos. 07-03-00321-CR, 07-03-00322-CR, 2004 Tex. App. LEXIS 5557, at *4 (Tex.App.--Amarillo 2004, no pet.) (mem. op.) (not designated for publication).

Mandamus will not lie when there is an adequate remedy by appeal. *In re Entergy Corp.*, 142 S.W.3d 316, 320 (Tex. 2004). The right to appeal a criminal

3

conviction is created by statute. *See* Tex. Code Crim. Proc. Ann. art. 44.02 (West 2006). *See also McKinney v. State*, 207 S.W.3d 366, 374 (Tex.Crim.App. 2006). There is but one direct appeal; "[t]here is no second bite at the direct appeal apple." *King v. State*, 125 S.W.3d 517, 520 (Tex.Crim.App. 2003). Appellant exercised his right to a direct appeal and this Court addressed his sentences at that time.

## Conclusion

Accordingly, Relator's petition for writ of mandamus is denied for failing to comply with the requirements of Rule 52.3 and because he has previously had his complaint addressed by this Court on direct appeal from his convictions.

Patrick A. Pirtle
Justice