NO. 07-11-0209-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL E

 

JULY 7, 2011

 

______________________________

 

 

IN RE JASON LAWSON, RELATOR

 

_________________________________

 

 

ORIGINAL PROCEEDING

ARISING FROM PROCEEDINGS BEFORE THE 140TH DISTRICT
COURT OF LUBBOCK COUNTY; NOS. 2001-438439 & 2001-438400;

HONORABLE JIM BOB DARNELL, JUDGE PRESIDING 

 

_______________________________

 

Before HANCOCK and PIRTLE, JJ., and BOYD, S.J.[1]

MEMORANDUM OPINION

            Relator,
Jason Lawson, an inmate proceeding pro se,
seeks a writ of mandamus to compel the Honorable Jim Bob Darnell, Judge of the
140th District Court of Lubbock County, to rule on a Motion to Correct Illegal Sentence.[2]  Relator alleges the trial court has failed to
rule on his motion which has been pending since August 25, 2010.  We deny the requested relief.

Mandamus Standard of Review

Mandamus relief is an extraordinary remedy.  In re Southwestern Bell Telephone Co.,
L.P., 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding).  "Mandamus
issues only to correct a clear abuse of discretion or the violation of a duty
imposed by law when there is no other adequate remedy by law.@  Walker v. Packer, 827 S.W.2d 833, 839
(Tex. 1992) (orig. proceeding) (quoting Johnson v. Fourth Court of Appeals,
700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding)).  To show entitlement to mandamus relief, a
relator must satisfy three requirements: (1) a legal duty to perform; (2) a
demand for performance; and (3) a refusal to act.  Stoner v. Massey,
586 S.W.2d 843, 846 (Tex. 1979).

Analysis

            Initially,
we address Relator's failure to comply with all but one of the mandatory
requirements of Rule 52.3 of the Texas Rules of Appellate Procedure.  While we are able to discern the identity of
the parties, Relator's request for relief does not include a Table of Contents,
Index of Authorities, Statement of the Case, Statement of Jurisdiction, Issues
Presented, Statement of Facts, Argument, Prayer, Certification, or Appendix.  See
Tex. R. App. P. 52.3(a) - (k).  Most
importantly, Relator did not include a certified or sworn copy of the motion he
complains of which would bear a file stamp date reflecting how long that motion
has been pending in the trial court.  Id. at 52.3(k)(1)(A).

            Although
pro se filings may be reviewed less
stringently than those filed by attorneys, Haines
v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595,
30 L.Ed.2d 652 (1972), a party proceeding pro
se must still comply with rules of procedure.  See Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex.
1978).  Even if we were to review
Relator's request for mandamus relief with patience and liberality, he still has
not satisfied his burden to provide a sufficient record to enable this Court to
consider the merits of his complaint.  See Walker, 827 S.W.2d
at 837.

Additionally, Relator requests a
ruling on his motion "with full consideration of the merits of the motion
pending, and not just a blantant [sic] denial which
would result in [Relator] filling [sic] an appeal . . . ."  Relator intimates he would be dissatisfied
with a denial of his motion.  While a
trial court has a ministerial duty to consider and rule on a motion properly
filed and pending before it, a particular ruling on the motion is generally
discretionary and may be remedied by ordinary appeal.  In re
Washington, No. 09-07-00246-CV, 2007 Tex. App. LEXIS 6449, at *2
(Tex.App.--Beaumont Aug. 16, 2007, orig. proceeding) (citing Ex parte Barnes, 65 S.W.3d 133, 134-35
(Tex.App.--Amarillo 2001, orig. proceeding)). 
            

Appellant's underlying cases
resulted in two concurrent fifty year sentences.  This original proceeding was brought to
compel the trial court to rule on his motion to correct what he characterizes
as illegal sentences.  On direct appeal
of the underlying cases, Relator challenged his sentences as null and
void.  In affirming his convictions, this
Court disagreed.  See Lawson v. State,
Nos. 07-03-00321-CR,
07-03-00322-CR, 2004 Tex. App. LEXIS
5557, at *4 (Tex.App.--Amarillo 2004, no pet.) (mem. op.) (not designated
for publication).  

Mandamus will not lie when there
is an adequate remedy by appeal.  In re Entergy Corp., 142 S.W.3d 316, 320 (Tex. 2004).  The right to appeal a criminal conviction is
created by statute. See Tex. Code Crim. Proc. Ann.
art. 44.02 (West 2006).  See also McKinney v. State,
207 S.W.3d 366, 374 (Tex.Crim.App. 2006).  There is but one direct appeal; "[t]here
is no second bite at the direct appeal apple."  King v. State, 125
S.W.3d 517, 520 (Tex.Crim.App. 2003). 
Appellant exercised his right to a direct appeal and this Court addressed
his sentences at that time.

Conclusion

Accordingly, Relator's petition
for writ of mandamus is denied for failing to comply with the requirements of
Rule 52.3 and because he has previously had his complaint addressed by this
Court on direct appeal from his convictions.

 

                                                                                    Patrick A. Pirtle

                                                                                          Justice

 

 











[1]John
T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.  Tex. Gov’t Code
Ann. § 75.002(a)(1) (West 2005).

 





[2]Relator's complaint relates to his convictions for
aggravated robbery which this Court affirmed on June 23, 2004, in cause numbers
07-03-00321-CR and 07-03-00322-CR.