PD-1095-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/5/2015 4:45:01 PM
Accepted 10/7/2015 3:26:44 PM
ABEL ACOSTA
CLERK

No. PD-1095-15

IN THE COURT OF CRIMINAL APPEALS

OF TEXAS AT AUSTIN

ADAM BROOKS,
PETITIONER

VS.

THE STATE OF TEXAS,
RESPONDENT

PETITIONED FROM THE COURT OF APPEALS
TENTH DISTRICT OF TEXAS
10-13-00409-CR

ON APPEAL FROM THE COUTNY COURT AT LAW NO. ONE
BRAZOS COUTNY, TEXAS
TRIAL COURT CAUSE NUMBER: 11-01734-CRM-CCL1

STATE'S REPLY TO PETITIONER'S PETITION FOR DISCRETIONARY REVIEW

THE STATE OF TEXAS

RODNEY W. ANDERSON
Brazos County Attorney

JOSHUA HOLMES
Assistant County Attorney
Brazos County, Texas
300 E. 26th Street, Suite 1300
Bryan, Texas 77803
Telephone: (979) 361-4516
Fax: (979) 361-4312
State Bar No. 24069095

FILED IN
COURT OF CRIMINAL APPEALS

October 7, 2015

ABEL ACOSTA, CLERK

# IDENTITIES OF PARTIES AND COUNSEL

PETITIONER:      ADAM LAMAR BROOKS

Appellate and Trial Counsel:   CRAIG GREENING
           Attorney at Law
           P.O. Box 152
           Bryan, Texas  77806


RESPONDENT:      THE STATE OF TEXAS

Appellate and Trial Counsel:   RODNEY W. ANDERSON
           Brazos County Attorney

           JOSHUA HOLMES
           Assistant County Attorney
           300 E. 26th Street, Suite 1300
           Bryan, Texas  77803


TRIAL JUDGE:      HON. AMANDA MATZKE

           HON. TERRY FLENNIKEN

# TABLE OF CONTENTS

IDENTITIES OF PARTIES AND COUNSEL ........................................................ i

TABLE OF CONTENTS .................................................................................. ii

INDEX OF AUTHORITIES ............................................................................. iii

STATEMENT REGARDING ORAL ARGUMENT ............................................1

THE PETITIONER HAS FAILED TO STATE PROPER
GROUNDS FOR REVIEW .............................................................................1

THE DECISION OF THE COURT OF APPEALS DOES NOT
CONFLICTWITH THE DECISIONS OF ANOTHER COURT ...........................2

PRAYER ......................................................................................................4

CERTIFICATE OF COMPLIANCE ................................................................5

CERTIFICATE OF SERVICE.........................................................................5

# INDEX OF AUTHORITIES

TEXAS COURT OF CRIMINAL APPEALS

*Gregory v. State*, 176 S.W.3d 826 (Tex. Crim. App. 2005)……………………………1

*Pham v. State*, 175 S.W.3d 767 (Tex. Crim. App. 2005)………………………………….3

*Roquemore v. State*, 60 S.W.3d 862 (Tex. Crim. App. 2001). ..……………………..……2

*St. George v. State*, 237 S.W.3d 720 (Tex. Crim. App. 2007)………………………..3

*State v. Daugherty*, 931 S.W.2d 268 (Tex. Crim. App. 1996)…..………………....…2

*State v. Kelly*, 204 S.W.3d 808 (Tex. Crim. App. 2006)………………………………3-4

*Wehrenberg v. State*, 416 S.W.3d 458 (Tex. Crim. App. 2013)..………………………..2

*Wilson v. State*, 311 S.W.3d 458, 465 (Tex. Crim. App. 2010)………………………..2

TEXAS COURTS OF APPEAL

*State v. Woehst*, 175 S.W.3d 329 (Tex. App.—Houston [1st Dist.] 2004, no pet.)…………………………………………………………………..4

*Brooks v. State*, No. 10-13-00409-CR, mem. op., 2015 Tex. App. LEXIS 7620 (Waco July 23, 2015) (not designated for publication)………………1, 3

## STATEMENT REGARDING ORAL ARGUMENT

Because the Petitioner has failed to state a valid ground for review, the State believes his Petition for Discretionary Review should be denied without need for oral argument.

## THE PETITIONER HAS FAILED TO STATE PROPER GROUNDS FOR REVIEW

In each of his grounds for review petitioner asserts, "The Court of Appeals erred in finding there was no causal connection between Sergeant Boyett's fabricated lineup and Petitioner's confession… ." (Petition for Discretionary Review at 2-3). The Court of Appeals made no such finding. *Brooks v. State*, No. 10-13-00409-CR, mem. op., 2015 Tex. App. LEXIS 7620, at *5-6 (Waco July 23, 2015) (not designated for publication). The *trial court* made the finding that the fabricated lineup is not what caused Brooks to confess. (2 Supp. C.R. at 5-6). The Court of Appeals merely determined the trial court's finding was supported by the record. *Brooks*, at *5-6.

"This Court has repeatedly and consistently said that a petition for review should specifically address error in the *court of appeals's* holding." *Gregory v. State*, 176 S.W.3d 826, 827-28 (Tex. Crim. App. 2005) (Holcomb, J., concurring) (internal citations omitted) (emphasis added). Because neither of petitioner's stated grounds for review complain of a decision made by the appellate court, his petition should be refused.

## THE DECISION OF THE COURT OF APPEALS DOES NOT CONFLICT WITH THE DECISIONS OF ANOTHER COURT

Even had petitioner stated a valid ground for review, the decision of the Court of Appeals in this case is not in conflict with any of the cases cited by petitioner. All of the cases from this Court cited by petitioner as in conflict with the decision of the Court of Appeals acknowledge the requirement of a causal connection between police misconduct and the obtaining of evidence before the evidence should be held inadmissible. *Wilson v. State*, 311 S.W.3d 458, 465 n. 49 (Tex. Crim. App. 2010) (noting specifically "[t]he State does not argue, in this Court, that appellant failed to show a causal connection between the violation of the law and the making of the confession"); *Wehrenberg v. State*, 416 S.W.3d 458, 470 (Tex. Crim. App. 2013) (holding that the independent source doctrine is not in conflict with Article 38.23 of the Code of Criminal Procedure because "the independent source doctrine by definition applies only to situations in which there is no causal connection between the illegality and the obtainment of evidence"); *State v. Daugherty*, 931 S.W.2d 268, 271 (Tex. Crim. App. 1996) (acknowledging that the "whole issue" in the case was whether "'inevitable discovery' really does break the causal connection between the illegality and the evidence"); *Roquemore v. State*, 60 S.W.3d 862, 870 (Tex. Crim. App. 2001) (noting that "evidence should be excluded once a causal connection between the illegality and the evidence is established").

Petitioner conflates the burden of persuasion into the burden of production by asserting *some evidence* of a causal connection is all that is required to conclusively

establish the existence of *some causal connection*. (Petition for Discretionary Review at 11-12). To the contrary, "If a defendant produces evidence that there is a causal connection, the State may…try to disprove this causal evidence." *Pham v. State*, 175 S.W.3d 767, 773 (Tex. Crim. App. 2005).

In Petitioner's case, the Court of Appeals acknowledged there was "at least some evidence of a causal connection… ." *Brooks*, at *5. However, this evidence was anything but "uncontroverted," as Petitioner claims. (Petition for Discretionary Review at 8, 12). The Court of Appeals acknowledged that Petitioner's identity as the driver of suspect vehicle had been established *before* he was shown the fabricated lineup, noting that the witness had reported Petitioner's personalized license plates, Petitioner had been contacted in the same vehicle at Post Oak Mall several months after the initial report, and that Petitioner himself "admitted that he went to the Post Oak Mall regularly, and that no one, even relatives, drove his green SUV… ." *Brooks*, at *1-2. More importantly, however, "The State produced evidence that when Boyett called Brooks to tell him that a warrant had been issued for Brooks' arrest, Brooks told Boyett that Brooks did not confess because of Boyett's interviewing techniques but because the spirit of God touched Boyett to call Brooks after Brooks left the station at a time when Brooks had decided to tell Boyett the truth." *Brooks*, at *5. A recording of that conversation was introduced into evidence at the suppression hearing. (Defendant's Suppression Exhibit #3, track 3 at 8:58). Thus, the record supports the trial court's finding that the fabricated lineup is not what caused Petitioner to confess. *Brooks*, at *5. If the "trial court makes explicit fact findings, the

3

appellate court determines whether the evidence (viewed in the light most favorable to the trial court's ruling) supports these fact findings." *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).

The Court of Appeals decision in this case is not in conflict with *State v. Woehst*, either. In *Woehst*, the trial court believed the defendant's testimony that reading the incorrect version of the DIC-24 caused her to refuse a breath specimen. *State v. Woehst*, 175 S.W.3d 329 (Tex. App.—Houston [1st Dist.] 2004, no pet.).This does not mean that the trial court *must* believe testimony given by a defendant during a suppression hearing. "[T]he trial judge is the sole trier of fact and judge of credibility of the witnesses and the weight to be given to their testimony." *St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007) (internal citations omitted).

## PRAYER

Because Petitioner has failed to allege a proper ground for review, and because none of the cases cited by Petitioner are in conflict with the decision of the Court of Appeals in this case, the State prays that this Court deny his Petitioner for Discretionary Review.

## CERTIFICATE OF SERVICE

This computer-generated document has a word count of 1,413 words, based upon the representation provided by the word-processing program used to create it

## CERTIFICATE OF SERVICE

I, Joshua Holmes, attorney for the State of Texas, do hereby certify that a true and correct copy of the foregoing document was served through the electronic filing manager Efile Texas to the following parties on this, the 5th day of October, 2015:

Craig Greening
Attorney at Law
P.O. Box 152
Bryan, Texas  77806

State Prosecuting Attorney's Office
P.O. Box 13406
Austin, Texas 78711

/s/Joshua Holmes
**Joshua Holmes**
State Bar No. 24069095